ALBERT LOUIS REID, Appellant, *v.* WORLD MUTUAL AUTOMOBILE CASUALTY INSURANCE COMPANY, Respondent.

First Department, October 31, 1924.

Contracts — action on contract to print 25,000 forms of insurance policies — defendant received goods without objection, some of which were not completely printed — plaintiff is entitled to recover for forms completely printed.

In an action to recover the contract price of 25,000 forms of insurance policies printed by the plaintiff on the order of the defendant, some of which were fully printed and all of which were delivered to the defendant, the plaintiff is entitled to recover for those that were completely printed, where the evidence shows such to have been the intention of the parties.

APPEAL by the plaintiff, Albert Louis Reid, from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 9th day of January, 1924, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District, in favor of the defendant.

*Lee, Smyth, Aron & Wise* [*J. Harlin O'Connell* of counsel], for the appellant.

*Martin Van Blarcom* [*Charles H. Watson* of counsel], for the respondent.

MARTIN, J.:

The plaintiff, a printer, received an order from the defendant to print a quantity of forms of insurance policies. Before the

order was placed, he called the attention of the defendant's officers to the fact that if a small number of policy forms were ordered the charge per 1,000 would be large because of the expensive tricolor heading and back but that the price per 1,000 would be reduced if the defendant would order 25,000.

The defendant's officers said they were unwilling at that time to order a large quantity because the terms of the policy might be changed by the State Insurance Department before the forms were required for use, but finally agreed to give an order for 25,000, of which 5,000 were to be printed in full.

One of the defendant's witnesses testified that Mr. Reid was to deliver the order in lots of 5,000 when called upon to make deliveries. If there should be any change in the policy, it was to be made in the form before the subsequent deliveries. Plaintiff testified that the 25,000 policy forms were to be paid for when ready for delivery. Defendant offered testimony to the effect that each lot of 5,000 was to be paid for when delivered.

Delivery of the 25,000 policy forms was established and defendant's counsel made the following admission: " Defendant's counsel: I will concede on the record that we have in the office four packages of the unprinted form of policy, and one package of the printed form." ·

The following also appears in the record: " Plaintiff's counsel: I don't think there is any question about the delivery. The Court: No; the main question is as to the question of the terms."

The points raised on the trial by the defendant's counsel in support of his motion to dismiss the complaint at the close of the case were (1) that the action was prematurely brought, and (2) that the plaintiff had not shown a delivery of the goods in the form ordered.

From any point of view there should have been judgment for a part of the claim. The testimony shows that defendant received the goods delivered without objection and retained possession thereof and refused to pay for same.

We think the judgment was against the weight of the evidence and that there should be a new trial. The determination appealed from and the judgment of the Municipal Court should, therefore, be reversed and a new trial ordered, with costs in all courts to the appellant to abide the event.

CLARKE, P. J., SMITH, MERRELL and FINCH, JJ., concur.

Determination appealed from and judgment of the Municipal Court reversed and new trial ordered, with costs in all courts to the appellant to abide the event.